IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-54 (LMB/MSN) |
| ) | |
| TONY DEGRAND, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the parties' Joint Motion to Seal Case [Dkt. No. 18], in which the parties request an Order "sealing the entire Court file herein, and/or redacting Defendant's name from all Court filings, case caption, and docket entries necessary to remove Defendant's identifying information." According to the parties, defendant's public identification in connection with this civil action, in which plaintiff alleges that defendant has infringed on plaintiff's copyright in various adult films, "could embolden persons with an ill purpose to use the allegations in the court file to put pressure upon the Defendant, or to place him under unwarranted scrutiny in future employment or social circumstance [d]ue to the content of the works he is alleged to have infringed upon." Mot. 2.

Although a district court "'may, in its discretion, seal documents if the public's right of access is outweighed by competing interests,' the 'presumption' in such cases favors public access." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000); see also Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 182 (4th Cir. 1988) ("The public's right of access to judicial records and documents may be abrogated only in unusual circumstances."). Almost all civil litigation entails a claim that the defendant has committed some wrongful act, which may often be

embarrassing if made public. In terms of potential social stigma, the allegations advanced in this particular civil action are not qualitatively distinct from those contained in, for example, an employment discrimination lawsuit or a mortgage foreclosure action; however, it is not the usual practice of the judiciary to seal these cases when the parties resolve the dispute. Simply put, by choosing to resolve a dispute through the courts, a party has chosen to make the dispute public, and defendant here has not advanced a sufficiently compelling private interest to overcome the resulting presumption in favor of the public's right of access to judicial records. Accordingly, it is hereby

ORDERED that the parties' Joint Motion [Dkt. No. 18] be and is DENIED.

The Clerk is directed to forward copies of this Order to counsel of record and to defendant, pro se.

Entered this 8th day of May, 2018.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge

/s/

Leonie M. Brinkema
United States District Judge